**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darryl D Johnson, | No. CV-17-04068-PHX-GMS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

On February 8, 2018, Plaintiff Darryl D. Johnson, who is confined in the Arizona State Prison Complex-Kingman, filed a pro se civil rights First Amended Complaint pursuant to 42 U.S.C.§ 1983 (Doc. 9). The Court ordered Defendant McClure to answer Count Two of the First Amended Complaint (Doc. 11 at 5). Defendant answered the First Amended Complaint, and all issues are joined (Doc. 14).

Pending before the Court is Plaintiff's Motion to Request the Appointment of Counsel (Doc. 17). Plaintiff requests that the Court appoint counsel for the Plaintiff because (i) Plaintiff is unable to afford to hire his own civil attorney and (ii) Plaintiff is not trained in the law, yet has a meritorious claim.

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive

appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. Having considered the likelihood of success on the merits and Plaintiff's ability to articulate his claims, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's Motion to Request the Appointment of Counsel (Doc. 17).

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's Motion to Request the Appointment of Counsel (Doc. 17).

Dated this 27th day of September, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge